UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| MARIO MYERS, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| VS. | ) | No. 15-2839-JDT-cgc |
| SHELBY COUNTY, ET AL., | ) | |
| Defendants. | ) | |

ORDER GRANTING MOTION TO AMEND, DISMISSING COMPLAINT,
DENYING SECOND MOTION FOR DEFAULT JUDGMENT,
NOTIFYING PLAINTIFF OF APPELLATE FILING FEE AND
NOTIFYING PLAINTIFF OF RESTRICTIONS UNDER 28 U.S.C. § 1915(g)

On December 16, 2015, Plaintiff Mario Myers ("Myers"), who is currently a pre-trial detainee at the Shelby County Criminal Justice Center ("Jail") in Memphis, Tennessee, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983, which included fellow inmates Johnny Ray Rowland, Antwon Rainer, and William Spade as additional Plaintiffs. (ECF No. 1.) On January 7, 2016, this Court severed the Plaintiffs' claims, leaving Myers as the sole Plaintiff in this matter. (ECF No. 3.) On January 19, 2016, Myers filed a motion to proceed *in forma pauperis*. (ECF No. 5.) The Court granted leave to proceed *in forma pauperis* and assessed the civil filing fee pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(a)-(b). (ECF No. 6.) On August

15, 2016, the Court denied Myers's motion for default judgment[1] and dismissed the complaint for failure to state a claim but granted leave to further amend within thirty days. (ECF No. 9.) The Plaintiff filed his motion to amend on September 1, 2016 (ECF No. 11); the motion is GRANTED. The Clerk shall record the Defendants as Shelby County, Sheriff Bill Oldham, and Grievance Coordinator L. Austin. Defendants are sued in their individual and official capacities.

## I. The Amended Complaint

Myers amended complaint contains no new factual allegations, but rather argues the merits of his original claim. Myers states that Defendants have a duty to follow policies and procedures to protect him from risk of hazard and/or harm and that they were negligent in failing to do so, thereby putting Myers at risk of hazard and/or harm while in their custody. (*Id.* at 1.) Myers further alleges the Defendants obstructed justice to cover up their negligence by confiscating swabbed samples of black mold material. (*Id.*; *see also* ECF Nos. 11-1 & 11-2.) He seeks two million dollars in compensation. (*Id.* at 4.)

The legal standards for assessing the claims in an inmate's complaint were set forth in the previous order (ECF No. 9 at 2-4) and will not be reiterated here. In that prior order, the Court determined that Myers had failed to state a claim on which relief could be granted because he did not allege that any named Defendant was directly involved with the alleged conditions or had a culpable state of mind; therefore, he did not

---

[1] On August 22, 2016, Myers filed a motion seeking a response to his original motion for default judgment. (ECF No. 10.) The Court responded to Myers's original motion for default judgment (ECF No. 8) as part of the August 15, 2016 order; therefore the current motion for default judgment is denied as MOOT.

sufficiently plead the subjective component of an Eighth Amendment claim. (*Id.* at 7-10.) The amended complaint wholly fails to cure those deficiencies and is also subject to dismissal for failure to state a claim on which relief may be granted.

## II. Conclusion

The Court DISMISSES Myers's complaint for failure to state a claim on which relief can be granted, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

Pursuant to 28 U.S.C. §1915(a)(3), the Court must also consider whether an appeal by Myers in this case would be taken in good faith. The good faith standard is an objective one. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). The test for whether an appeal is taken in good faith is whether the litigant seeks appellate review of any issue that is not frivolous. *Id.* It would be inconsistent for a district court to determine that a complaint should be dismissed prior to service on the Defendants, but has sufficient merit to support an appeal *in forma pauperis*. *See Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983). The same considerations that lead the Court to dismiss this case for failure to state a claim also compel the conclusion that an appeal would not be taken in good faith. Therefore, it is CERTIFIED, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal in this matter by Myers would not be taken in good faith.

The Court must also address the assessment of the $505 appellate filing fee if Myers nevertheless appeals the dismissal of this case. A certification that an appeal is not taken in good faith does not affect an indigent prisoner plaintiff's ability to take advantage of the installment procedures contained in § 1915(b). *See McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997), *partially overruled on other*

*grounds by LaFountain*, 716 F.3d at 951. *McGore* sets out specific procedures for implementing the PLRA, 28 U.S.C. § 1915(a)-(b). Therefore, Myers is instructed that if he wishes to take advantage of the installment procedures for paying the appellate filing fee, he must comply with the procedures set out in *McGore* and § 1915(a)(2) by filing an updated *in forma pauperis* affidavit and a current, certified copy of his inmate trust account for the six months immediately preceding the filing of the notice of appeal.

For analysis under 28 U.S.C. § 1915(g) of future filings, if any, by Myers, this is the third dismissal of one of his cases as frivolous or for failure to state a claim.[2] This "strike" shall take effect when judgment is entered. *Coleman v. Tollefson*, 135 S. Ct. 1759, 1763-64 (2015).

Section 1915(g) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the ground that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). Consequently, Myers is warned that he is barred from filing any further actions *in forma pauperis* while he is a prisoner within the meaning of 28 U.S.C. § 1915(h) unless he is in imminent danger of serious physical injury. Any civil action filed by Myers after the date of the judgment in this case must be accompanied by either the $400 civil filing fee or allegations sufficient to show that, at the time of filing the

---

[2] *See Myers v. Shelby County*, No. 16-2120-JDT-cgc (W.D. Tenn. Mar. 15, 2017) (dismissed for failure to state a claim), and *Myers v. Aramark Food Services*, No. 2:15-cv-2824 (W.D. Tenn Aug. 16, 2016) (dismissed for failure to state a claim).

action, he is in imminent danger of serious physical injury. If Myers submits any complaint that does not allege he is under imminent danger of serious physical injury or is not accompanied by the filing fee, the complaint will be filed, but Myers will be required to remit the full filing fee. If he fails to do so, the case will be dismissed, and the filing fee will be assessed from his inmate trust account without regard to the installment payment procedures of 28 U.S.C. §§ 1915(a)-(b).[3]

The Clerk is directed to prepare a judgment.

IT IS SO ORDERED.

                                        s/ **James D. Todd**
                                        JAMES D. TODD
                                        UNITED STATES DISTRICT JUDGE

---

[3] Myers is further cautioned that, if he attempts to evade the § 1915(g) restriction by filing actions in other jurisdictions that are then transferred or removed to this district, the Court may impose a monetary sanction in the full amount of the civil filing fee.